IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,709-01, -02, -03, -04, -05, -06 & -07






EX PARTE ANA HERNANDEZ, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 20090D02785, 20090D03532, 20100D03838, 20100D03839,
20100D03891, 20090D04299 & 20090D04427 

IN THE 171ST DISTRICT COURT

FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of seven counts
of theft and sentenced to fifteen months' imprisonment on each count. She did not appeal her
convictions.

 Applicant contends that she did not receive the benefit of the bargain in her plea agreements.
The trial court made findings of fact and conclusions of law and recommended that we grant relief. 
We believe that the record is not adequate to resolve Applicant's claim. Applicant has alleged facts
that, if true, might entitle her to relief. In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order the State to file a response stating
whether 403 days of pre-sentence time was an element of the plea agreements. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If she is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent her at the hearing. Tex.
Code Crim. Proc. art. 26.04.

 After reviewing the State's response, the trial court shall make further findings of fact as to
whether 403 days of pre-sentence time was an element of the plea agreements. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 15 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 30 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: April 20, 2011

Do not publish